CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 23 2016

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

BAKER PACKING CO., )
)
    Plaintiff, ) Civil Action No. 7:16CV00149
)
v. ) **MEMORANDUM OPINION**
)
ANDREWS FARMING, INC., et al., ) By: Hon. Glen E. Conrad
) Chief United States District Judge
    Defendants. )

This case is presently before the court on the motion for leave to intervene filed by Hollar & Greene Produce Company, Inc. and Bushmans Inc. (collectively, the "H&G Members"). For the reasons that follow, the motion will be granted.

## Background

On March 29, 2016, Baker Packing Co. ("Baker Packing") filed this action against Andrews Farming, Inc. ("Andrews Farming") and Jones Keith Andrews ("Keith Andrews") under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §§ 499a-499t, seeking to obtain declaratory relief and enforce the trust provisions of PACA. Baker Packing also sought to enforce its contract with Andrews Farming for the sale of produce.

On April 6, 2016, Anthony J. Piedimonte Farming & Marketing Co., Inc., William P. Hearne Produce, LLC, Younglove Produce, LLC, and Brightly Farms, LLC filed an emergency motion to intervene. The court granted that motion, as well as a consent motion for preliminary injunction that was subsequently filed by the parties. The court enjoined Andrews Farming and Keith Andrews from dissipating or transferring accounts receivable and other proceeds derived from the transfer of perishable agricultural commodities ("Produce"), and any assets commingled, purchased, or otherwise acquired with proceeds of such Produce (collectively

referred to as "PACA Trust Assets"). The court also required Andrews Farming and Keith Andrews to deposit all money and checks derived from the transfer of Produce into a specified bank account (the "PACA Trust Account"), and to prepare a report identifying the assets of Andrews Farming that are believed to be PACA Trust Assets.

On May 5, 2016, Andrews Farming filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Western District of Virginia. The bankruptcy filing automatically stayed the claims against Andrews Farming, pursuant to 11 U.S.C. § 362(a). On October 4, 2016, the bankruptcy court modified the stay to permit Baker Packing and the existing intervenors to pursue discovery from Andrews Farming.

On November 1, 2016, the H&G Members filed the instant motion for leave to intervene under Rule 24(b) of the Federal Rules of Civil Procedure. The H&G Members allege that they sold produce to Andrews Farming from June 16, 2015 to February 24, 2016, that Andrews Farming failed to pay for the produce, and that the sales transactions, totaling $205,215.50, are subject to the trust provisions of PACA. The H&G Members further allege that Keith Andrews, as the principal of Andrews Farming, is personally liable for Andrews Farming's PACA-related debts. The H&G Members seek to intervene in this action to pursue PACA claims against Keith Andrews only, and not against Andrews Farming.

Baker Packing and the existing intervenors have consented to the H&G Members' intervention. Keith Andrews has not filed a response to the motion and the time for doing so has expired. See W.D. Va. Civil Rule 11(c)(1).

## Discussion

As a general matter, "liberal intervention is desirable to dispose of as much of a controversy involving as many apparently concerned persons as is compatible with efficiency

2

and due process." Feller v. Brock, 802 F.2d 722, 729 (4th Cir. 1986) (internal quotation marks and citation omitted). Under Rule 24(b) of the Federal Rules of Civil Procedure, the court may permit intervention "[o]n timely motion" by anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In determining whether to permit intervention, the court must "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. Civ. P. 24(b)(3). Thus, where a movant seeks permission to intervene under Rule 24(b), it must establish each of the following elements: (1) that its motion is timely; (2) that its claims or defenses have a question of law or fact in common with the main action; and (3) that intervention will not result in undue delay or prejudice to the existing parties. See Wright v. Krispy Kreme Doughnuts, Inc., 231 F.R.D. 475, 479 (M.D.N.C. 2005).

In this case, the H&G Members have satisfied the threshold element of timeliness. Although their motion was made approximately seven months after Baker Packing filed the original complaint, the parties are still in the early stages of discovery. Consequently, the case is not "within sight of the terminal," and will not be "derail[ed]" if the H&G members are permitted to intervene. Scardelletti v. Debarr, 265 F.3d 195, 202 (4th Cir. 2001) (internal quotation marks and citation omitted).

The second inquiry under Rule 24(b)(1)(B) is whether the movants have a claim or defense that shares a common question of law or fact with the original action. This element is also satisfied. A common question of law that the H&G Members' claims shares with the original action is whether PACA imposes personal liability on corporate officers, principals, or directors, to the extent that they control the trust assets. The claims against Keith Andrews also involve a common question of fact, specifically whether Keith Andrews controlled, or was in a

3

position to control, Andrews Farming's day-to-day operations and its PACA trust assets. Additionally, the H&G Members, like the existing intervenors, claim an interest relating to property that is the subject of the original action, namely the assets Keith Andrews received that were impressed with a PACA trust.

Finally, there is no reason to believe that the addition of the H&G Members would result in undue prejudice or that their participation would cause undue delay. Indeed, Baker Packing and the existing intervenors have consented to the H&G members' intervention and Jones Farming has raised no objection to the request.

## Conclusion

For these reasons, and in keeping with the Fourth Circuit's policy in favor of liberal intervention, the court will grant the H&G Members' motion to intervene.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 23rd day of November, 2016.

                                              Chief United States District Judge

4

Case 7:16-cv-00149-GEC-RSB   Document 20   Filed 11/23/16   Page 4 of 4   Pageid#: 150